UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:03-CR-442-G |
| PARIS D. ST. JOHN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to enter an amended judgment with no term of supervised release (docket entry 111). For the reasons stated below, the defendant's motion is denied.

## I. BACKGROUND

In civil action *Paris D. St. John v. United States of America*, 3:16-CV-1115-G (BN), this court granted the 28 U.S.C. § 2255 motion to vacate set aside, or correct sentence of the defendant in this action, Paris D. St. John. St. John had been serving a 235-month sentence imposed pursuant to his guilty-plea conviction for being a felon in possession of a firearm. See *United States v. St. John*, No. 3:03-CR-442-P

(N.D. Tex.) (docket entry 61).  His conviction and sentence became final when the Supreme Court denied his petition for a writ of certiorari in June 2007.  See *St. John v. United States*, 551 U.S. 1154 (2007).

In *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  In *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), held that its ruling in *Johnson* applies retroactively.  As a result of the Supreme Court's holdings in *Johnson*, 135 S. Ct. 2551, and *Welch*, 136 S. Ct. 1257, St. John no longer had three convictions for violent felonies or serious drug offenses that qualify him for the enhanced statutory sentence under Section 924(e).

## II.  ANALYSIS

In his motion, St. John asks the court to enter an amended judgment imposing no term of supervised release.  *See* Motion to Enter an Amended Judgment with No Term of Supervised Release ("Motion") ¶ 12 (docket entry 111).  St. John contends that since he has served more time -- "almost 12 years in Bureau of Prisons custody and had earned a more than one and one-half years of good time credits of top of that" -- than the maximum lawful sentence -- 10 years -- for the offense for which he was convicted, *id.* ¶ 3, that the court should credit the time he has served beyond the maximum sentence to erase any term of supervised release.  *Id.* ¶¶ 5, 8-12.  St. John

avers that any imposition of a term of supervised release would hurt his re-integration into society.  *Id.* ¶ 10.

In response, the government maintains that an imposition of a supervised release is not "punitive", but instead helps "reasonably and responsibly transition[] St. John from incarceration into the community."  Response to Defendant's Motion for Amended Judgment Without Supervised Release ("Response") ¶ 1 (docket entry 112).  The government requests that the court enter an amended judgment adjusting St. John's sentence down to 120 months' imprisonment and three years of supervised release.  *Id.* at 3.

Separately, St. John contends that the government does not recognize that a term of supervised release is part of the punishment for the original offense of conviction.  *Id.* ¶ 5.  St. John is correct that a term of supervised release is part of the punishment for the original offense of conviction.  The court, however, imposed a term of supervised release of 5 years, the statutory maximum under his original punishment, as part of the punishment for the original conviction (docket entry 89).

The Supreme Court has recognized that a term of supervised release serves rehabilitative ends "distinct from those served by incarceration" by helping defendants transition back into the community.  *United States v. Johnson*, 529 U.S. 53, 59 (2000); *United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005) (a term of supervised release "serves a broader, societal purpose by reducing recidivism.")

- 3 -

(internal quotations omitted).  Further, in *Johnson*, 529 U.S. at 57-58, the Supreme Court held that a defendant who had served more prison time than the statutory maximum was not entitled to any reduction in his period of supervised release because the term of supervised release does not commence until the defendant is released from imprisonment.  The Supreme Court reasoned that reducing the term of supervised release because of excess prison time is contrary to the objectives of supervised release and doing so would be against its reading of 18 U.S.C. §3624.  *Id.* Therefore, the court will not act contrary to the objectives of § 3624 by reducing St. John's term of supervised release.

The court will enter separately an amended judgment reducing St. John's sentence to 120 months' imprisonment and three years of supervised release.  "There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term." *Johnson*, 529 U.S. at 60.  Yet, the statutory structure of 18 U.S.C. § 3583 provides St. John a means to terminate a term of supervised release after the expiration of one year of supervised release.  *See* 18 U.S.C. § 3583(e)(1).  The court concludes that the accountability, rules and resources provided by a probation officer, and the accountability and structure provided by a term of supervised release, will assist St. John with his re-integration into society.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to enter an amended judgment with no term of supervised release is **DENIED**.  An amended judgment will be entered separately.

**SO ORDERED**.

June 23, 2016.

_A. Joe Fish_____

A. JOE FISH
**Senior United States District Judge**